# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STAR SYSTEMS INTERNATIONAL LIMITED, | § § § § § § § | |
| | | Civil Action No. 4:18-CV-00574 |
| v. | | Judge Mazzant |
| NEOLOGY, INC. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Star Systems International Limited's ("SSI") Motion to Remand and Brief in Support (Dkt. #13). Having considered the motion and the relevant pleadings, the Court finds that SSI's Motion to Remand should be denied (Dkt. #13).

### BACKGROUND

The relationship between SSI and Defendant Neology, Inc. ("Neology") is long and litigious. The parties' journey to federal court started four years and two lawsuits ago.

**I. The First Suit**

On May 13, 2014, 3M Company and 3M Innovative Properties Company (collectively, "3M") sued SSI and Stephen C. Lockhart concerning an employment dispute (the "First Suit"). The First Suit was assigned to the Honorable Mark Rusch of the 401st Judicial District Court of Collin County, Texas.[1] On February 27, 2017, 3M and SSI settled the First Suit (the "Settlement Agreement") (Dkt. #15-2 at pp. 130–43). Based on the Settlement Agreement, the 401st District Court entered a Consent Judgment ending the First Suit on March 13, 2017 (Dkt. #15-2 at pp. 144–49). Importantly, the Settlement Agreement in the First Suit contained the following provisions:

---

1. Rule 2.1 of the Local Rules for the District Courts of Collin County provides, "All civil cases shall be filed in rotating order. Forum shopping is prohibited. Once a case is filed in a court, it will remain in that court for any subsequent filings, including refilings." *See also* Tex. Gov't Code § 24.024; TEX. R. CIV. P. 3a.

**Section 3.13. Non-disparagement**. The Parties shall not make any disparaging comments about the other Party to third parties. Disparaging as used herein shall mean any communication, oral or written, of false information, any communication of information with reckless disregard to its truth or falsity, or any communication concerning accusations or allegations made in the Litigation, except as to any findings of fact entered through a consent judgment.[2]

. . . .

**Section 4.02. Retention of Jurisdiction.** The Court shall retain jurisdiction over the Litigation for five (5) years in order to enforce the terms of the Settlement Agreement.[3]

. . . .

**Section 7.03 Choice of Law and Venue.** This Agreement shall be governed, enforced and construed in accordance with the laws of the State of Texas without giving effect to any choice or conflict of laws principles or rules thereof which might result in the application of the laws of any other jurisdiction. Any litigation required to enforce this Agreement or relating to this Agreement shall be brought in a district court in Collin County, Texas.

**Section 7.04 Successors and Assigns**. This Agreement is binding on, and shall inure to the benefit of, the Parties hereto and their legal representatives and successors and assigns.

(Dkt. #15-2 at pp. 135, 139).

---

2. Litigation is defined as the First Suit (Dkt. #15-2 at p. 130).
3. The Consent Judgment also states that the 401st District Court "retains jurisdiction to enforce the terms of the Settlement Agreement." (Dkt. #15-2 at p. 148).

## II. The Second Suit

In June 2017, Neology acquired 3M. As part of the acquisition, Neology became the successor-in-interest to 3M's rights and obligations under the Settlement Agreement and Consent Judgment (Dkt. #19 at p. 6).[4]

SSI alleges that on June 11, 2018, "Neology issued a defamatory and disparaging press release about the Consent Judgment" in violation of the Non-disparagement provision of the Settlement Agreement (Dkt. #13 at p. 8; Dkt. #15-4 at p. 21). In response to the press release, SSI sent a cease-and-desist letter to Neology (Dkt. #15-3 at pp. 32–34).[5]

On July 12, 2018, asserting its rights as successor to 3M, Neology filed suit against SSI, among others ("the Second Suit") (Dkt. #15-2 at pp. 5–40). The Second Suit was assigned to the Honorable John Roach, Jr. of the 296th Judicial District Court of Collin County. In the Second Suit, Neology alleged SSI breached the Settlement Agreement and violated the Texas Uniform Trade Secrets Act (Dkt. #15-2 at pp. 29–30). In its Petition, Neology applied for a temporary restraining order ("TRO") against SSI. The 296th District Court granted Neology's TRO, but later vacated the TRO finding it "should not have been entered . . . ." (Dkt. #15-7 at p. 2). Interestingly, in its Petition and a subsequent motion to transfer, Neology argued that the Collin County state courts—specifically, the 401st District Court—retained jurisdiction over the Second Suit pursuant to the Settlement Agreement and Consent Judgment (Dkt. #15-2 at p. 7; Dkt. #15-5

---

4. Oddly, SSI argues in its Motion to Remand that Neology is bound by Section 7.04 of the Settlement Agreement as the successor-in-interest to 3M (Dkt. #13 ¶ 7). However, in its Amended Complaint, SSI disputes Neology's status as successor-in-interest (Dkt. #17 ¶ 35). Here, the Court addresses SSI's Motion to Remand and, therefore, considers SSI's position that Neology is the successor-in-interest to 3M's rights and obligations under the Settlement Agreement.
5. Neology issued a similar press release on July 13, 2018 (Dkt. #15-4 at p. 28).

at pp. 2–3; Dkt. #15-10 at p. 6). After the 296th District Court denied Neology's motion to transfer, dissolved Neology's TRO, and entered an order for expedited discovery, Neology non-suited all of its claims without prejudice on July 31, 2018 (Dkt. #15-9 at pp. 2–4).

### III. The Present Suit

On August 10, 2018—ten days after Neology non-suited the Second Suit—SSI filed suit in Collin County against Neology (Dkt. #15-3 at pp. 2–57). SSI requested, and its case was assigned to, the 296th District Court (Dkt. #15-3 at p. 2). In its Petition, SSI applied for a TRO and alleged causes of action for defamation, business disparagement, breach of the Settlement Agreement, and tortious interference with a contract and prospective business relations (Dkt. #15-3 at pp. 10–14). Three days later, on August 13, 2018, Neology removed the case to this Court (Dkt. #1).

On September 10, 2018, SSI filed the motion to remand at issue (Dkt. #13). Neology filed a response to the motion on September 24, 2018 (Dkt. #19). SSI filed a reply on September 26, 2018 (Dkt. #20). Neology filed a sur-reply on October 2, 2018 (Dkt. #21).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by [a] defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter

4

jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). District courts "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

**ANALYSIS**

SSI moves to remand this case arguing that the Retention of Jurisdiction and the Choice of Law and Venue provisions of the Settlement Agreement provide for exclusive jurisdiction and venue in the 401st District Court of Collin County, Texas (Dkt. #13 at pp. 14–20). SSI requests the recovery of costs, expenses, and attorneys' fees incurred "as a result of Neology's improper removal" pursuant to 28 U.S.C. § 1447(c). (Dkt. #13 at p. 16).

Neology opposes SSI's motion contending: (1) the Settlement Agreement does not prevent removal; (2) SSI's claims are not subject to the Settlement Agreement's provisions; and (3) SSI waived any argument that the 401st District Court retains exclusive jurisdiction over SSI's claims (Dkt. #19 at pp. 10–19). Neology opposes SSI's Section 1447(c) request stating its basis for removal is objectively reasonable (Dkt. #19 at p. 2 n.2). The Court addresses the parties' arguments after examining the jurisdictional basis for this case.

5

**I.    Diversity Jurisdiction**

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332. "'The diversity statute requires 'complete diversity' of citizenship.'" *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). In other words, "A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stiftung*, 603 F.3d at 297 (citations omitted). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "The party seeking to assert federal jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Stiftung*, 603 F.3d at 297 (citing *Howery*, 243 F.3d at 919).

Neology bears the burden of establishing subject matter jurisdiction. Neology contends that complete diversity exists between the parties and, therefore, there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Dkt. #1 ¶ 2). Neology is a Delaware corporation with its principal place of business in San Diego, California (Dkt. #1 ¶ 2). SSI is a Hong Kong corporation, and neither party claims that SSI maintains a principal place of business in the

United States (Dkt. #1 ¶ 2; Dkt. #17 ¶ 6).[6] Therefore, Neology establishes that complete diversity exists among the parties. As a result, if the Settlement Agreement and Consent Judgment do not require remanding the case to state court, there is an independent basis for federal jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).[7]

## II. "To Enforce" or "Relate to"

Returning to the parties' contentions, Neology first argues SSI rendered this case removable by asserting claims that are not subject to the jurisdiction and venue provisions of the Settlement Agreement (Dkt. #19 at pp. 16–17). As cited previously, Section 4.02 of the Settlement Agreement provides that "the Court shall retain jurisdiction . . . *to enforce* the terms of the Settlement Agreement" and Section 7.03 states, "Any litigation required *to enforce* this Agreement or *relating to* this Agreement shall be brought in a district court in Collin County, Texas." (Dkt. #15-2 at p. 135, 139) (emphasis added). Neology contends that SSI's breach of contract claim is arguably brought "to enforce" or "relate[s] to" the Settlement Agreement. However, Neology explains that SSI's tort claims are not brought "to enforce," nor do they "relate to," the Settlement Agreement. Therefore, Neology argues that SSI rendered the case removable by mixing claims subject to the terms of the Settlement Agreement with claims that are not subject to the terms of the Settlement Agreement (Dkt. #19 at pp. 16–17) (citing *Brister v. Romanowski*, CIV.A. 14-2921, 2015 WL 2090236, at *3 (E.D. La. May 4, 2015) (finding a party that combines claims covered by a forum selection clause with claims not covered by the

---

6. SSI does not challenge Neology's claim that complete diversity exists (Dkt. #17 ¶ 8).
7. The amount in controversy exceeds $75,000 (Dkt. #17 ¶¶ 39, 48)

forum selection clause renders all the claims removable)). SSI responds that all of its claims are brought "to enforce" or "relate to" the Settlement Agreement (Dkt. #19 at p. 16).

The Court agrees with SSI and finds that all of SSI's claims are brought "to enforce" or "relate to" the Settlement Agreement. SSI asserts five causes of action: (1) breach of contract; (2) defamation; (3) business disparagement; (4) tortious interference with a contract; and (5) tortious interference with prospective business relations (Dkt. #17 ¶¶ 34–60). SSI's breach of contract claim is brought specifically "to enforce" the terms of the Settlement Agreement (Dkt. #17 ¶¶ 34–40). SSI's tort claims arise from Neology's June 11 and July 13, 2018, press releases (Dkt. #17 ¶¶ 41–60). Neology's press releases concern the Settlement Agreement and the Second Suit brought by Neology to enforce the terms of the Settlement Agreement (Dkt. #15-4 at pp. 21, 28). In other words, SSI's tort claims would not exist without the press releases, and the press releases specifically address the Settlement Agreement and Second Suit brought to enforce the Settlement Agreement. As a result, SSI's claims are subject to the venue and jurisdiction provisions of the Settlement Agreement because they are brought "to enforce" or "relate to" the Settlement Agreement.

### III. Forum Selection Provisions

The Settlement Agreement contains two provisions regarding venue and jurisdiction. First, Section 4.02 states, "The Court shall retain jurisdiction over the Litigation for five (5) years in order to enforce the terms of the Settlement Agreement." Second, Section 7.03 provides, "Any litigation required to enforce this Agreement or relating to this Agreement shall be brought in a district court in Collin County, Texas." (Dkt. #15-2 at pp. 135, 139). The Consent

8

Judgment also provides, "this Court retains jurisdiction to enforce the terms of the Settlement Agreement." (Dkt. #15-2 at p. 148) (referring to the 401st District Court).

Neither party disputes the validity of these cited provisions. However, the parties dispute the interpretation of the provisions. SSI argues the provisions vest exclusive jurisdiction and venue in the Collin County state courts (Dkt. #13 ¶¶ 33–43). Neology contends that this Court—which maintains a courthouse in Collin County—is a Court within the meaning of Section 7.03 (Dkt. #19 ¶ 9; Dkt. #21 ¶¶ 5–6).

Federal law governs the enforceability of forum selection clauses while state law governs the interpretation of such clauses. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016); *DSA Promotions, LLC v. Vonage Am., Inc.*, 3:17-CV-3055-D, 2018 WL 1071278, at *3 (N.D. Tex. Feb. 27, 2018) (quoting *DBS Sols. LLC v. Infovista Corp.*, 3:15-CV-03875-M, 2016 WL 3926505, at *2 (N.D. Tex. July 21, 2016)). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citations omitted). "To achieve this objective, [the court] must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* (citing *Universal C. I. T. Credit Corp. v. Daniel*, 150 Tex. 513, 518, 243 S.W.2d 154, 158 (1951)); *Clark v. Cotten Schmidt, L.L.P.*, 327 S.W.3d 765, 773 (Tex. App.—Fort Worth 2010, no pet.). "When the interpretation of a contract is in issue, the trial court must first determine whether the provisions in question are ambiguous." *Nicol v. Gonzales*, 127 S.W.3d 390, 394 (Tex. App.—Dallas 2004, no pet.) (citing *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983)). "The question of whether a contract is ambiguous is a question

9

of law for the trial court's determination." *Id.* "A contract is not ambiguous if the contract's language can be given a certain or definite meaning." *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 305 (Tex. 2015) (citing *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012)).

The cited provisions of the Settlement Agreement are not ambiguous as they can be given a clear and definite meaning. Neither Section 4.02 or the Consent Judgment provide that the 401st District Court retains *exclusive* jurisdiction. Instead, both state that the 401st District Court "retains jurisdiction." Therefore, the plain reading of the Settlement Agreement is that the 401st District Court is one, but not the only, district court in Collin County in which the parties could bring litigation to enforce, or relating to, the Settlement Agreement. *See Argyll Equities LLC v. Paolino*, 211 F. App'x. 317, 319 (5th Cir. 2006) (finding the use of "exclusive" instructive as to the parties' intent to provide exclusive jurisdiction to state courts in Kendall County, Texas). Section 7.03 supports this interpretation as it states that "any litigation required to enforce this Agreement or relating to this Agreement shall be brought in *a district court* in Collin County, Texas." (Dkt. #15-2 at p. 139) (emphasis added). Accordingly, the Court finds that the Settlement Agreement unambiguously provides for jurisdiction in any Collin County district court.[8]

---

8. Both parties cite extrinsic evidence in support of their interpretation of the Settlement Agreement (Dkt. #13 ¶ 41; Dkt. #19 at p. 13). The Court does not consider this evidence because the Settlement Agreement is unambiguous. *Apache Deepwater, LLC v. McDaniel Partners, Ltd.*, 485 S.W.3d 900, 906 (Tex. 2016), *reh'g denied*, (May 6, 2016) (citation omitted) ("When a contract's meaning is unambiguous, our task is to determine the parties' intentions as expressed in the written instrument."); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017), *reh'g denied*, (Sept. 22, 2017) (citation omitted) ("A court may consider the parties' interpretation of the contract and admit extrinsic evidence to determine the true meaning of its terms only after the court has determined that the contract is ambiguous.").

## IV. A District Court in Collin County

Next, the parties dispute whether this Court qualifies as "a district court in Collin County" as described in Section 7.03 of the Settlement Agreement. Neology argues that because this Court maintains a courthouse in Collin County, it is a district court within Collin County (Dkt. #19 at ¶ 9 n.15). SSI responds that a party cannot "bring" suit in the Collin County Federal courthouse as contemplated by Section 7.03 (Dkt. #20 ¶ 5). Instead, SSI explains, "in order for a case to ultimately even be assigned to the federal district court located in Collin County, SSI's counsel would have to bring the suit by electronically filing it in the Sherman Office of the Eastern District of Texas." (Dkt. #20 ¶ 5).

This Court is a district court within Collin County. "The Fifth Circuit has held that a forum selection clause which provides for venue in a specific county permits venue in either federal or state court where a federal courthouse is located in that county; but if there is no federal courthouse in the selected county, such a forum selection clause mandates venue in the state courts sitting in that county." *ASAP Auto Grp., LLC v. Marina Dodge, Inc.*, 3 F. Supp. 3d 573, 576 (S.D. Miss. 2014) (citing *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008)). In fact, the Fifth Circuit has specifically addressed this issue as it applies to this Court and Collin County. *Collin County v. Siemens Bus. Servs., Inc.*, 250 F. App'x. 45 (5th Cir. 2007).

In *Collin County*, the parties agreed that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas." *Id.* at 47. The plaintiff filed the case in the 219th Judicial District Court of Collin County. *Id.* The defendant removed the action to this Court based on diversity of citizenship jurisdiction. *Id.* This Court remanded the case to

state court because venue existed only in Collin County and, at the time, there was no federal district court located in Collin County. *Id.* The Fifth Circuit affirmed, but noted:

> The instant case, however, presents an additional twist . . . . While the only currently completed, functioning federal courthouse within the Sherman Division of the United States District Court for the Eastern District of Texas—the division that encompasses Collin County within its jurisdiction—is located in Sherman, Texas, outside of Collin County, the Sherman Division's enabling statute states, "[c]ourt for the Sherman Division shall be held at Sherman *and Plano.*" 28 U.S.C. § 124(c)(3) (emphasis added). Plano is located primarily, although not completely, within Collin County. . . . Presently the Sherman Division district court does not hear—and has never heard—cases in Plano because of the lack of a place to do so (there never having been a federal district courthouse in Plano).
>
> . . . .
>
> As [the parties] point out, however, plans exist to build a new federal courthouse in Plano, within Collin County, for the Sherman Division of the Eastern District. Once the new federal courthouse is built the district court that granted the motion to remand in this case will hold court in Plano, which stretches into both Collin and Denton Counties (Denton County also being in the Sherman Division).
>
> The planned courthouse's completion date might well be conclusive of removal rights in future suits under the [the parties' venue agreement].

*Id.* at 52–53.

The Plano courthouse discussed in *Collin County* is now complete. Two federal judges and a Clerk's Office operate in the Plano courthouse, and the undersigned hears cases from the Plano courthouse. Regardless of the electronic filing procedures, the Court finds that it is "a district court in Collin County" as contemplated by the Settlement Agreement and *Collin County.*

12

## V. Right to Remove

Even if the Court is incorrect, and the Settlement Agreement should be construed to provide jurisdiction in the Collin County state courts, Neology did not waive its right to remove the case from the Collin County state courts to this Court. "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citations omitted). "There are three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.'" *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443–44 (5th Cir. 2009) (quoting *City of New Orleans*, 376 F.3d at 504). A waiver of a parties' right to remove need not contain explicit words. *Southland Oil Co. v. Miss. Ins. Guar. Ass'n*, 182 F. App'x. 358, 361 (5th Cir. 2006) (quoting *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)). None of the provisions of the Settlement Agreement explicitly state the parties waive their right to remove, allow the other party to choose venue, or establish an exclusive venue. Accordingly, even if venue is proper in the Collin County state courts, Neology did not waive its right to remove the case to this Court.

## CONCLUSION

It is therefore **ORDERED** that SSI's Motion to Remand is hereby **DENIED** (Dkt. #13). As a result, SSI's request for costs, expenses, and attorneys' fees incurred pursuant to 28 U.S.C. § 1447(c) is also **DENIED**.

**SIGNED this 5th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE