# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STAR SYSTEMS INTERNATIONAL | § | |
| LIMITED | § | |
| | § | Civil Action No. 4:18-CV-00574 |
| v. | § | Judge Mazzant |
| | § | |
| NEOLOGY, INC. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss First Amended Complaint Under the Texas Citizens Participation Act ("Motion to Dismiss") (Dkt. #22) and Plaintiff's Motion to Determine Applicability of the Texas Citizens Participation Act ("Motion to Determine Applicability") (Dkt. #34). After reviewing the relevant pleadings and motions, the Court finds that Defendant's Motion to Dismiss should be denied and Plaintiff's Motion to Determine Applicability should be granted.

## BACKGROUND

The history surrounding this case started on May 13, 2014, when 3M Company and 3M Innovative Properties Company (collectively, "3M") sued Star Systems International Limited's ("SSI") and Stephen C. Lockhart concerning an employment dispute (the "First Suit"). The First Suit ended with a Settlement Agreement and the entry of a Consent Judgment on March 13, 2017. Then, in June 2017, Defendant Neology, Inc. ("Neology") acquired 3M, becoming the successor-in-interest to the Settlement Agreement and Consent Judgment. About a year later, on July 12, 2018, Neology sued SSI among others, alleging breach of contract and violations of the Texas Uniform Trade Secrets Act related to the Settlement Agreement and Consent Judgment from the First Suit ("the Second Suit"), also seeking a temporary restraining order ("TRO"). This TRO was

granted then subsequently dissolved during the Second Suit. Neology eventually non-suited its claims without prejudice on July 31, 2018. On August 10, 2018—ten days after Neology non-suited the Second Suit—SSI filed the present suit in Collin County against Neology alleging (1) breach of contract; (2) defamation; (3) business disparagement; (4) tortious interference with a contract; and (5) tortious interference with prospective business relations. Three days later, on August 13, 2018, Neology removed the case to this Court (Dkt. #1). On September 10, 2018, SSI filed a motion to remand (Dkt. #13). The Court denied the motion on December 5, 2018 (Dkt. #32).

Defendant filed the present motion to dismiss arguing the Texas Citizens Participation Act ("TCPA") barred Plaintiff's claims on October 9, 2018 (Dkt. #22). Instead of filing a response, Plaintiffs filed the present Motion to Determine Applicability on December 17, 2018 (Dkt. #34). Defendants filed a response to the motion on December 28, 2018 (Dkt. #36).

## ANALYSIS

The TCPA is an anti-SLAPP ("Strategic Litigation Against Public Participation") statute that is designed to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. "To achieve this, the TCPA provides a means for a defendant, early in the lawsuit, to seek dismissal of certain claims in the lawsuit." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014).

Filing a motion to dismiss under the TCPA "stops discovery in the action until the court has ruled, save for limited discovery relevant to the motion." *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016) (citing TEX. CIV. PRAC. & REM. CODE §§ 27.003(c), 27.006(b)). Moreover, the

statute provides an accelerated timetable for addressing such a motion: "[t]he court must set a hearing on the motion within 60 days of service (90 or 120 days in certain exceptional cases involving crowded dockets, good cause, or TCPA-related discovery) . . . and the court must rule on the motion within 30 days after the hearing." *Id.* (citing Tex. Civ. Prac. & Rem. Code §§ 27.004, 27.005). If a court fails to abide by such deadlines, the motion is deemed denied by operation of law and the defendants may appeal. *See* Tex. Civ. Prac. & Rem. Code § 27.008(a).

Defendant avers that the TCPA not only applies in federal court but also requires that the Court dismiss all of Plaintiff's claims. Federal courts sitting in diversity[1] apply state substantive law rather than federal common law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Stated differently, federal courts apply state common law but federal procedural rules. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). Performing an *Erie* analysis involves a multi-step inquiry. First, the Court must determine whether the statute is procedural or substantive. State procedural statutes are not applied in federal courts. *Erie*, 304 U.S. at 78. Second, the Court determines whether the state substantive law conflicts with federal procedural rules; if so, then the federal rule applies. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).

The Fifth Circuit has yet to address whether the TCPA is procedural or substantive, or whether it applies in federal court. *See Diamond Consortium, Inc. v. Hammervold*, No. 17-40582, 2018 WL 2077910, at *3 n.3 (5th Cir. May 3, 2018) ("we follow previous panels in assuming without deciding that Texas's anti-SLAPP statute applies in federal court."); *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("[t]he applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Cuba*, 814 F.3d at 706 ("we first review the

---

[1] Here, the Court's jurisdiction is based on diversity of citizenship.

TCPA framework, which we assume—without deciding—controls as the state substantive law in these diversity suits."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("[w]e have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability."). As the Court has previously held, although the Fifth Circuit has assumed that the TCPA is a controlling state substantive statute, *Cuba*, 814 F.3d at 706, the Court finds persuasive the dissent in *Cuba*. Specifically, United States Circuit Judge James E. Graves in his dissent found that

> the TCPA is procedural and must be ignored. The TCPA is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss claims subject to its coverage, establishes time limits for consideration of such motions to dismiss, grants a right to appeal a denial of the motion, and authorizes the award of attorneys' fees if a claim is dismissed. This creates no substantive rule of Texas law; rather, the TCPA is clearly a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections. Because the TCPA is procedural, I would follow *Erie's* command and apply the federal rules.

*Cuba*, 814 F.3d at 720 (citations omitted). The dissent continued to explain that even if the TCPA were substantive, it is inapplicable in federal court because it conflicts with Federal Rules of Civil Procedure 12 and 56. *Id.* at 719–720. As such, the dissent concluded that

> the TCPA is procedural and we may not apply it when sitting in diversity. Even if, however, it could be said that the TCPA is substantive, then there is no doubt that it must yield to the Federal Rules of Civil Procedure because it directly conflicts with the pre-trial dismissal mechanisms of Rules 12 and 56.

*Id.* at 721.

Agreeing with the dissent in *Cuba*, United States Magistrate Judge Andrew W. Austin in the Western District of Texas denied a motion to dismiss pursuant to the TCPA. *Rudkin v. Roger Beasley Imports, Inc.*, No. 1:17-CV-849, 2017 WL 6622561, at *1–*3 (W.D. Tex. Dec. 28, 2017),

*report and recommendation adopted*, 2018 WL 2122896.[2]  Specifically, Magistrate Judge Austin found that

> the TCPA contains procedural provisions setting forth deadlines to seek dismissal, deadlines to respond, and even deadlines for the court to rule, as well as appellate rights, and the recovery of attorney's fees.  It is a procedural statute and thus not applicable in federal court.  Even if the statute is viewed to be somehow substantive, it still cannot be applied in federal court, as its provisions conflict with Rules 12 and 56, rules well within Congress's rulemaking authority.

*Id.* at *3.

Adopting the reasoning of the dissent in *Cuba* and the District Court in the Western District of Texas, the Court finds that the TCPA, regardless if classified as procedural or substantive, does not apply in federal court.  Accordingly, the Court finds that Defendant's Motion to Dismiss should be denied.  Consequently, the Court finds that Plaintiff's Motion to Determine the Applicability should be granted.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss First Amended Complaint Under the Texas Citizens Participation Act (Dkt. #22) is hereby **DENIED** and Plaintiff's Motion to Determine Applicability of the Texas Citizens Participation Act is hereby **GRANTED** (Dkt. #34).  It is further **ORDERED** that deadlines in the Scheduling Order (Dkt. #30) remain in effect.

**SIGNED this 16th day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that although *Rudkin* is currently on appeal to the Fifth Circuit, a ruling has not yet been issued.