# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| STAR SYSTEMS INTERNATIONAL LIMITED | § § § Civil Action No. 4:18-CV-00574 |
| v. | § Judge Mazzant § |
| NEOLOGY, INC. | § § § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Stay Proceedings Pending Appeal (Dkt. #39). After reviewing the motion and relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

The history surrounding this case started on May 13, 2014, when 3M Company and 3M Innovative Properties Company (collectively, "3M") sued Star Systems International Limited's ("SSI") and Stephen C. Lockhart concerning an employment dispute (the "First Suit"). The First Suit ended with a Settlement Agreement and the entry of a Consent Judgment on March 13, 2017. Then, in June 2017, Defendant Neology, Inc. ("Neology") acquired 3M, becoming the successor-in-interest to the Settlement Agreement and Consent Judgment. About a year later, on July 12, 2018, Neology sued SSI among others, alleging breach of contract and violations of the Texas Uniform Trade Secrets Act related to the Settlement Agreement and Consent Judgment from the First Suit ("the Second Suit"), also seeking a temporary restraining order ("TRO"). This TRO was granted then subsequently dissolved during the Second Suit. Neology eventually non-suited its claims without prejudice on July 31, 2018. On August 10, 2018—ten days after Neology non-suited the Second Suit—SSI filed the present suit in Collin County against Neology alleging (1)

breach of contract; (2) defamation; (3) business disparagement; (4) tortious interference with a contract; and (5) tortious interference with prospective business relations. Three days later, on August 13, 2018, Neology removed the case to this Court (Dkt. #1). On September 10, 2018, SSI filed a motion to remand (Dkt. #13). The Court denied the motion on December 5, 2018 (Dkt. #32).

In the present suit, on October 9, 2018, Defendant filed a motion to dismiss arguing the Texas Citizens Participation Act ("TCPA") barred Plaintiff's claims (Dkt. #22). The Court denied the motion on January 16, 2019 (Dkt. #37). Subsequently, Defendant filed a notice of appeal of the Court's denial of its motion to dismiss (Dkt. #38). After filing its appeal, on January 25, 2019, Defendant filed the present motion to stay the case pending that appeal (Dkt. #39). Plaintiff filed its response in opposition to the motion to stay on January 31, 2019 (Dkt. #42). On February 7, 2019, Defendant filed its reply (Dkt. #43). Plaintiff did not file a sur-reply.

**ANALYSIS**

Defendant asks the Court to stay the deadlines in the current case while it appeals the Court's ruling on its motion to dismiss based on the TCPA, which the Court found did not apply in federal court. Plaintiff opposes the relief requested, and asks the Court to allow the proceeding to continue pursuant to the scheduling order in the case.

District courts have the inherent power to stay proceedings pending before them, but this power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re M.J. Beebe*, 1995 WL 337666, at *2 (5th Cir. May 15, 1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts determining whether to issue a stay pending appeal may consider factors such as (1) whether the movant is likely to succeed on the merits; (2) whether the movant would

suffer irreparable harm absent a stay; (3) whether granting the stay would substantially harm the other parties; and (4) whether granting the stay would serve the public interest. *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).

### I.  Balance of Equities

Where "there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking a stay "must make out a clear case of hardship or inequity in being require to go forward." *Landis*, 299 U.S. at 255; *see Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) ("'[A] stay is not a matter of right, even if irreparable injury might result otherwise.' It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"(citation omitted)). As such, "if the balance of equities (i.e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Ruiz v. Estelle*, 650 F.2d 555,566 (5th Cir. Unit A 1981). Accordingly, the Court addresses the other three factors and then the substantial likelihood of success factor.

### A.  Harm to the Movant

Defendant argues that it will be substantially harmed because the exact goal of the TCPA is to limit the cost of defending a suit that involves constitutional rights regarding speech by getting an early dismissal of the case. Plaintiff responds that the mere cost of litigation itself is not sufficient to meet this irreparable harm factor.

"The Supreme Court has made it clear that '[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 807588, at *3 (E.D. Tex. Feb. 27, 2014) (quoting *F.T.C.*

*v. Standard Oil Co. of California,* 449 U.S. 232, 244 (1980)). Even though Defendant contends litigation cost in this case actually does result in irreparable injury because of the protections guaranteed by the TCPA, the Court is not persuaded. As the Court has previously held in this case and other cases, the Court does not find the TCPA to apply in federal court. Because the Court finds the TCPA does not apply, the Court finds the protections guaranteed by the TCPA do not serve as an irreparable injury to Defendant in this case. The Court agrees with the Supreme Court of the United States, and finds that mere litigation expense in this case does not constitute irreparable injury. This factor weighs against granting a stay.

### B. Harm to the Non-Movant

Defendant contends that even though there would be a delay in the proceedings, such delay would not prejudice or harm Plaintiff in any way. Additionally, Defendant asserts that it would not be a long delay, as the Fifth Circuit should issue a ruling soon. Plaintiff counters that a delay in the proceedings would cause injury to Plaintiff in that the memory of witnesses in the case will fade, the parties are competitors in the marketplace, and the parties have no indication how long it will be before the Fifth Circuit issues an opinion deciding this precise issue.

The Court agrees. Although the Fifth Circuit has heard oral arguments regarding the TCPA, the Court cannot predict when the Fifth Circuit will render a decision in that case or if that case will affirmatively answer the question in this case. Thus, the Court cannot agree with Defendant that this "stay would not be 'indefinite'" and instead will only last "sixty to ninety days." (Dkt. #43 at p.8 n.3). Accordingly, the memory of witnesses is a cause for concern in this case. *See, e.g.*, *McCall v. Peters*, CIV.A.3:00-CV-2247-D, 2003 WL 22083507, at *2 (N.D. Tex. Feb. 18, 2003) (explaining "[w]ith the passage of time, memories fade and litigation costs

increase."). This alone presents injury enough to find a harm to Plaintiff in this case. Thus, this factor weighs against granting a stay.

### C. Public Interest

Defendant argues that a stay in this case benefits the public interest because the goal of the TCPA is alleviating expenses of defending suits that challenge a Texas citizens' constitutional rights to free speech, to petition, and to associate freely. According to Defendants, failing to stay this case would frustrate this purpose. Alternatively, Plaintiff contends that public interest, in this case, favors the speedy resolution of disputes. As the Court previously explained, it finds the TCPA does not apply in this case, and thus the purpose of the TCPA does not compare to the public interest in a prompt resolution of disputes. *See Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-980-JRG, 2017 WL 6559172 (E.D. Tex. Dec. 22, 2017). Accordingly, this factor does not weigh in favor of granting a stay.

## II. Substantial Likelihood of Success on the Merits

"*Ruiz* imposes two primary requirements on parties that move for a stay of proceedings: (1) 'show that the balance of the equities weighs heavily in favor of granting a stay,' and (2) 'present a substantial case on the merits [involving] a serious legal question.' Defendant[] ha[s] failed to meet the first requirement, so it is unnecessary for the Court to address the second." *In re: BP P.L.C. Sec. Litig.*, No. 4:10-CV-4214, 2016 WL 164109, at *3 (S.D. Tex. Jan. 14, 2016) (citations omitted).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Stay Proceedings Pending Appeal (Dkt. #39) is hereby **DENIED**.

**SIGNED** this 19th day of February, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE